IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRENDA CRUZ, | * |
| Plaintiff, | * |
| vs. | *  Civil Action No.:_____ |
| | (Removed from Circuit Court for |
| LENDMARK FINANCIAL | *  Baltimore County, Case No. 03-C-16-008343) |
| SERVICES, LLC, | |
| | * |
| Defendant. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

Defendant Lendmark Financial Services, LLC ("Lendmark"), by its undersigned attorneys, provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the action styled *Brenda Cruz v. Lendmark Financial Services, LLC*, Case No. 03-C-16-008343 (Circuit Court Baltimore County) to the United States District Court for the District of Maryland. Removal is based on 28 U.S.C. § 1332(d) (the Class Action Fairness Act or "CAFA"). As grounds for removal, Lendmark states the following:

## I.    STATE COURT FILINGS

1. On August 9, 2016, Plaintiff Brenda Cruz ("Plaintiff"), on behalf of herself and on behalf of others similarly situated, filed a putative class action Complaint and Demand for Jury Trial ("Complaint" or "Compl."), with the clerk of the Circuit Court for Baltimore County (the "State Court Action"). The State Court Action was assigned Case Number 03-C-16-008343.

2. In the Complaint, Plaintiff alleges that in September 2013, she refinanced a loan she had with Lendmark with a new loan from Lendmark. Compl., ¶ 18. In connection with the refinance transaction, Plaintiff alleges she executed a credit agreement that "included a $100 'Loan Fee (Prepaid Finance Charge)' and stated that it was charging simple interest at the rate of 24% year." *Id.* Plaintiff claims that her credit agreement is governed by Maryland's Credit Grantor Closed End Credit Provisions, Md. Code Ann., Com. Law II §§ 12-1001, *et seq.* ("CLEC"), which limits the effective rate of simple interest at 24%. *Id.*, ¶¶ 18, 20. According to Plaintiff, the $100 "Loan Fee" authorized by Md. Code Ann., Com. Law II § 12-1010(a) is interest and, therefore, causes the effective rate of simple interest on her September 2013 loan to exceed 24% in violation of CLEC. *Id.*

3. In addition to claiming a violation of CLEC, the Complaint asserts common law claims for Breach of Contract, Restitution and Unjust Enrichment, Declaratory Judgment, and violation of the Maryland Consumer Protection Act, Md. Code Ann., Commercial Law § 13-101, *et seq.* ("MCPA"). Plaintiff purports to bring each of her claims on behalf of herself, as well as a putative class. *Id.*, ¶ 23. The relief Plaintiff seeks on behalf of herself and the putative class includes: (a) a declaratory judgment that, as a result of the violation of CLEC, Lendmark may not collect any amounts above the principal amount of the loan; (b) an order granting Plaintiff and the members of the putative class a preliminary and permanent injunction prohibiting Lendmark from collecting or attempting to collect any amounts above the principal amount of the loan; (c) payment to Plaintiff and the putative class of all sums paid above the principal amount of the loan; and (d) such other and further relief as the nature of this case may require. *Id.,ad dannum*, ¶¶ A-D.

2

## II.   REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

4.  The Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) & 1453. Congress passed CAFA with the intent to expand federal jurisdiction over class actions. *See* S. Rep. No. 109-14 (2005) at \*43, *as reprinted in* 2005 U.S.C.C.A.N. 3, \*\*41 (the Act "is intended to expand substantially federal court jurisdiction over class actions"); *see also Evans v. Walter Industries, Ins.*, 449 F.3d 1159, 1164 (11th Cir. 2006) ("The language and structure of CAFA itself indicates that Congress contemplated broad federal court jurisdiction.").

5.  A "class action," as defined by CAFA, is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar [s]tate statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff filed this action as a purported class action pursuant to Maryland Rule 2-231. Compl., ¶¶ 21-34.

6.  CAFA expressly provides that class actions filed in state court are removable to federal court on the basis of "minimal diversity" jurisdiction under 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453, where (a) the putative class contains at least one hundred class members; (b) any member of the putative class is a citizen of a state different from any defendant; and (c) and the matter in controversy exceeds the sum or value of five million dollars ($5,000,000), exclusive of interest and costs. Each of these requirements is satisfied here.

> a.  Numerosity: Under CAFA, the putative class must contain at least one hundred putative class members. *See* 28 U.S.C. § 1332(d)(5). Here, there are more than one hundred members of the putative class. There are 919 loan accounts of

3

individuals who (i) live in Maryland; (ii) entered into a credit agreement to refinance a loan with Lendmark between August 9, 2013 and February 26, 2016 with a simple interest rate of 24%; (iii) was charged a $100 "loan fee"; (iv) paid more than the principal amount of their loans; and (v) do not meet any of the criteria for exclusion as provided in the Complaint. Compl., ¶ 23.

b.  Citizenship of the Parties:  Under CAFA, diversity of citizenship exists between the parties so long as "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A). Lendmark is a Georgia limited liability company that is wholly owned by LFS HoldCo LLC.[1] As such, Lendmark is deemed to be a citizen of Georgia as well as a citizen of Delaware, New York, Mississippi, and Florida for purposes of 28 U.S.C. § 1332. *See Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (holding that citizenship of a limited liability company is determined by the citizenship of all of its members); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990) (holding that a limited partnership is not itself a citizen and that courts must instead look to the

---

[1] LFS HoldCo LLC is a Delaware limited liability company owned by (i) Brysam IV, LLC, a Delaware limited liability company with two New York members – Robert Willumstad and Marjorie Magner; (ii) Blackstone Family Investment Partnership VI-NQ ESC L.P., a Delaware limited partnership that is wholly owned by BCP VI-NQ Side-by-Side GP LLC, a Delaware limited liability company; (iii) Blackstone Capital Partners VI NQ/NF L.P., a Delaware limited partnership; and (iv) several individuals who are citizens of Georgia (Bobby Aiken, David Neaves, Joe Burgamy, Robert Dennison, Alan Jackson, Wayne Taylor, Al Appelman, Ethan Andelman, Steve Wheeler, and Denny Contic), Mississippi (Amy Manning), and Florida (William Cary). Blackstone Capital Partners VI NQ/NF L.P is wholly owned by Blackstone Management Associates VI-NQ, LLC, which is a Delaware limited liability company. It is wholly owned by BMA VI-NQ LLC, which is a Delaware limited liability company. BMA VI-NQ LLC and BCP VI-NQ Side-by-Side GP LLC are both wholly owned by Blackstone Holdings II LP, a Delaware limited partnership, which is wholly owned by Blackstone Holdings I/II Limited Partner Inc., which is a Delaware corporation that maintains its principal place of business in New York.

citizenship of its members to determine if diversity jurisdiction exists). By contrast, Plaintiff is a citizen of the State of Maryland, and seeks to represent a class of individuals who are all citizens of Maryland. Compl., ¶¶ 7-8; 23.

c.  Amount in Controversy:  Under CAFA, the claims of individual class members are aggregated to determine if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6). As set forth below, the relief sought places an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs. *See Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

   i.  Plaintiff seeks the return of all amounts paid by her and the putative class above the principal amount of their loans.  On the 919 loan accounts referenced above, $1,294,723.63 has been collected above the principal amount of the loans. *See* Compl., *ad damnum* ¶ C.

   ii.  Plaintiff also seeks a declaratory judgment that by charging a $100 "loan fee" on a credit contract with a stated effective rate of simple interest of 24%, Lendmark violated CLEC and, therefore, is prohibited from collecting or attempting to collect any amounts above the principal amount of the loan. *See* Compl., *ad damnum* ¶ A. On the same basis, Plaintiffs seek a preliminary and permanent injunction prohibiting Lendmark from collecting or attempting to collect any amounts above the principal amount of the loan. *Id.*, ¶ B. The

pecuniary result to Lendmark that such a judgment would produce is the inability to collect interest in the amount of $3,403,635.17 on the outstanding credit agreements with Maryland citizens that include a $100 "loan fee" and a stated effective rate of simple interest of 24%. *See Dixon v. Edwards*, 290 F.3d 699, 720 (4th Cir. 2002) ("In this circuit, it is settled that the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)).

iii.  Plaintiff concludes her Complaint by generally seeking "such other and further relief as the nature of this case may require." Compl., *ad damnum,* ¶ D. Because one of the claims asserted by Plaintiff is a violation of the MCPA, which allows for recovery of reasonable attorneys' fees (Md. Code Ann., Com. Law II § 13-408(b)), such fees are properly included in the amount in controversy calculation. *Dell Webb Cmtys., Inc. v. Carlson*, 817 F.3d 867, 871 (4th Cir. 2016) (recognizing that attorneys' fees count towards amount in controversy calculation where contract or statute provides for attorneys' fees, and finding the district court had CAFA jurisdiction); *Gilman v. Wheat, First Sec., Inc.*, 896 F. Supp. 507, 511 (D. Md. 1995) (holding that when Maryland law permits recovery of attorneys' fees, "[p]otential attorneys' fees should be considered in determining whether the amount in controversy in a diversity action exceeds the jurisdictional threshold."). A reasonable amount of attorneys' fees in a consumer class action predicated

6

on an alleged violation of CLEC is 33% of the total recovery, which is
precisely what these same plaintiffs' counsel have requested and received in
other class actions brought in this Court involving alleged violations of the
same statute *See Shelton v. Crescent Bank Trust*, Civil Action No. 1:08-cv-
01799-RDB (D. Md.) (ECF Nos. 36 and 39); *Smith v. Ace Motor Acceptance
Corp.*, Civil Action No. 1:12-cv-02149-JKS (D. Md.) (ECF Nos. 34 and 37);
*Crowder v. Americredit*, Civil Action No. 1:06-cv-707-JFM (D. Md.) (ECF
Nos. 67 and 70).    Applying attorneys' fees to the \$1,294,723.63 that
Lendmark would have to refund if the Court grants Plaintiff the relief she
seeks adds \$427,258 to the amount in controversy. *See Francis v. Allstate Ins.
Co.*, 709 F.3d 362, 368-69 (4th Cir. 2013) (affirming use of an estimate of
attorneys' fees for purposes of the amount in controversy based on
"experience and common sense"); *Williams v. Bank of N.Y. Mellon*, Civil No.
CCB-13-680, 2013 U.S. Dist. LEXIS 77364, at \*8 (D. Md. June 3, 2013)
(considering a reasonable estimate of potential attorneys' fees in determining
whether the jurisdictional threshold was met in case alleging a violation of the
MCPA).

Accordingly, from Lendmark's viewpoint, the amount in controversy as itemized in
paragraphs 6(c)(i)-(iii) above is \$5,125,616.80, thus satisfying the jurisdictional threshold for
CAFA jurisdiction. *See Government Emp. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)
(applying "either-viewpoint" rule in determining the value of the object of the litigation);
*Gonzalez v. Fairgale Properties Co., N.V.*, 241 F. Supp. 2d 512, 517 (D. Md. 2002) (holding that

amount-in-controversy requirement is satisfied if either the gain to the plaintiff or the cost to the defendant is greater than the jurisdictional threshold).

7.     By establishing the statutory basis for removal under CAFA, Lendmark does not in any way concede the allegations against it, the appropriateness of either proposed class definition, or the propriety of this action proceeding as a class action. Further, Lendmark's statement that the matter in controversy is in excess of $5 million is not intended to constitute an admission or acquiescence that the types of damages and categories of relief sought by Plaintiff is available for the claims plead or that Plaintiff or the putative class is entitled to any relief.

### III.     PROCEDURAL REQUIREMENTS AND LOCAL RULES

8.     Removal to this Court is proper. Pursuant to 28 U.S.C. §§ 1446(a) and 1441(a), this Notice of Removal is being filed in the United States District Court for the District of Maryland, which is the federal district court embracing the Circuit Court for Baltimore County, Maryland, where the State Court Action was initially filed.

9.     Removal is timely. The Complaint was served on Lendmark on August 17, 2016. This Notice of Removal is being filed with the United States District Court for the District of Maryland on September 16, 2016, within thirty days after receipt by Lendmark of the Complaint and summons. *See* 28 U.S.C. § 1446(b).

10.     Pleadings and Process. Contemporaneously filed herewith are copies of all process, pleadings and orders received by Lendmark in the State Court Action. *See* 28 U.S.C. § 1446(a); Local Rule 103(5)(a). Also, attached hereto as **Exhibit 1** is a copy of the Notice of Filing of Notice of Removal (without exhibits) that Lendmark will file with the Clerk of the

8

Circuit Court for Baltimore County, Maryland and will promptly serve upon Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

11.    Signature:  This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. 28 U.S.C. § 1446(a).

12.    Having satisfied all of the requirements for removal under CAFA, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 and removal is proper.

**WHEREFORE**, having satisfied all the requirements for removal under 28 U.S.C. § 1332(d) and 28 U.S.C. §§ 1441 and 1446, Defendant Lendmark Financial Services, LLC respectfully serves notice that the above-referenced civil action, now pending in the Circuit Court for Baltimore County, Maryland, is removed therefrom to the United States District Court for the District of Maryland.

Respectfully submitted,

Brian L. Moffet (Fed. Bar No. 13821)
MILES & STOCKBRIDGE, P.C.
100 Light Street
Baltimore, Maryland 21202
Tel: 410-385-3656
bmoffet@milesstockbridge.com

Zachary S. Schultz (Fed. Bar No. 03927)
MILES & STOCKBRIDGE, P.C.
100 Light Street
Baltimore, Maryland 21202
Tel: 410-385-3657
zschultz@milesstockbridge.com

**Attorneys for Defendant**
**Lendmark Financial Services, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of September, 2016, a copy of the foregoing

Notice of Removal was served via email and first-class mail, postage prepaid, to:

> Benjamin H. Carney
> Martin E. Wolf
> Gordon, Wolf & Carney, Chtd.
> 102 West Pennsylvania Ave.
> Towson, MD 21204

Zachary S. Schultz